IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNON DOUGLAS a/k/a Leverne Douglas, a/k/a Spider,** | CIVIL NO. 1:CV-08-0140 |
| Plaintiff | (Judge Rambo) |
| v. | (Magistrate Judge Blewitt) |
| **UNITED STATES BUREAU OF PRISONS,** | |
| Defendants | |

# M E M O R A N D U M

Before the court is a report of the magistrate judge in which he recommends that the instant complaint be dismissed against all Defendants with respect to Plaintiff's constitutional claims asserted under § 1331. The magistrate judge also recommends that Plaintiff file an administrative tort claim with the Bureau of Prisons and, after exhaustion, be directed to file an amended complaint against the United States under the Federal Tort Claims Act.

Plaintiff has filed objections to the report and recommendation. These objections do not address the substance of the report or the recommendation. While the court will dismiss the complaint as to all Defendants on the constitutional claims, the court cannot accept the magistrate judge's recommendation as to the Federal Tort Claims Act amended complaint.

Under the Federal Tort Claims Act, an administrative claim must be filed within two years of accrual. 28 U.S.C. § 2401(b). Plaintiff claims that money was erroneously removed from his prison account on March 9,

2007.  Thus, the two years have expired.  Even if this court could find that the Bureau of Prisons was on notice through his filings with the Bureau of Prisons (Amended Complaint, Ex. 2-5), any amended complaint against the United States would be untimely as the complaint must be filed within six months of the final denial of the claim.  Additionally, another critical requirement is that the administrative claim must state the exact amount of damages Plaintiff is seeking.  Nowhere in the amended complaint before the court does Plaintiff state the amount taken from his account.

To allow Plaintiff to file an amended complaint in this action which names a different defendant and a different cause of action at some time in the future is administratively cumbersome.  It would not be a proper substitution of parties under Federal Rule of Civil Procedure 25; nor would it be the type of amendment contemplated by Federal Rule of Civil Procedure 15.

An appropriate order will be issued.

                                                          s/Sylvia H. Rambo
                                                          United States District Judge

Dated:  May 26, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNON DOUGLAS a/k/a Leverne Douglas, a/k/a Spider,** | CIVIL NO. 1:CV-08-0140 |
| Plaintiff | (Judge Rambo) |
| v. | (Magistrate Judge Blewitt) |
| **UNITED STATES BUREAU OF PRISONS,** | |
| Defendants | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

    1) The report and recommendation of Magistrate Judge Blewitt is adopted in part and rejected in part.

    2) The court adopts the recommendation that the case be dismissed against all Defendants with respect to all of Plaintiff's claims asserted under 28 U.S.C. § 1331.

    3) The court rejects the recommendation that Plaintiff be allowed to amend his complaint to assert a cause of action under the Federal Tort Claims Act after exhaustion of his administrative tort claim with the Bureau of Prisons.

    4) The Clerk of Court shall close the file.

1

5) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

                                                         s/Sylvia H. Rambo
                                                         United States District Judge

Dated: May 26, 2009.